## The Wabash R. R. Co. v. Thomas Billings.

1. NEGLIGENCE—*Backing Cars upon Crossing While Another Train is Passing.*—It is negligence to back an engine and cars toward, and upon, a crossing, while another train is passing, unless due care is taken to give warning of the danger.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

C. N. TRAVOUS, attorney for appellant.

S. H. CUMMINS and T. J. SULLIVAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was brought by appellee against appellant for personal injuries, in consequence of the alleged negligence of the latter in backing an engine and cars upon the crossing of Adams street in the city of Springfield. The jury returned a verdict for $5,000, and the court, after requiring a remittitur of $2,000, overruled appellant's motion for a new trial, and gave judgment for $3,000, to reverse which this appeal is brought. The points relied upon for such reversal are (1) the refusal of the court to direct the verdict at the instance of appellant; (2) the verdict is contrary to the evidence; (3) the court gave erroneous instructions for the plaintiff; and (4) improper remarks of counsel. Under the first head it is argued there is a variance between the averments of the declaration and the proof, because the

charge in the declaration is, that plaintiff's buggy was struck by a freight train, in consequence of which he was thrown out and injured, and, as it is said, the proof is that the train was a passenger train, and that plaintiff was thrown from his buggy eighty feet from the crossing because his horse ran away. There is conflict of evidence concerning the character of the train. Some of the witnesses describe it as being composed of an engine, a box car and a passenger car, while still others testified it contained a baggage car only. In any case it could not be well classed as a passenger train, for the only use then being made of the engine was to switch the cars from one place to another upon the tracks; and if there was only the baggage car and the engine, as appellant insists, the descriptive words, "freight train," were more accurate than "passenger train" would be. Besides, as far as we are able to discover from the abstract, this precise point was not called to the attention of the trial court, and for this reason, as well as the one previously given, we are of the opinion the question of the supposed variance between the proof and the declaration is not available as reversible error in this court. It may be true, as appellant insists, that appellee did not fall out of the buggy until he was eighty feet away from the crossing, and that such fall was caused by the horse running away; but we are of the opinion the jury was warranted by the evidence in finding that the car was backed against the buggy while appellee was crossing the track, causing him to fall upon the side of it, and that the horse, being frightened, ran away. If this was true, the striking of the buggy by the car was the proximate cause of his having been thrown out and injured, and the averment of the declaration would thus be fulfilled.

Appellee arrived at the crossing while a freight train was passing to the north, and he waited there until the crossing was cleared, and then started to cross, when the engine with car attached backed upon the crossing from the opposite direction. We think the jury were warranted in finding from the evidence that appellant, under the circum-

stances, was negligent in causing its engine and cars to be rapidly backed upon the crossing from the opposite direction of the other train, just at the time when the latter had cleared the crossing, and this, too, without keeping a lookout to see if the crossing was clear of persons having the right to use the street. Ordinarily, we think, to back an engine and cars toward, and upon, a crossing, while another train is passing, tends to confuse persons waiting to cross over, and they are apt to be misled in believing the way clear when one train has passed, unless due care is used to give warning of the approach of the other; and in this respect we think the jury was warranted in finding that appellee, under the circumstances, had used due care. He stopped and there awaited the passing train, and his thought being upon that, instinctively started over the crossing when it was cleared, and for want of sufficient notice or warning of the approach of the switch engine with cars, was struck by it. We are of the opinion the appellant did not so manage its trains at the crossing at this point of time, with due care for the safety of persons rightfully upon the street. Due care required appellant to take notice that in consequence of its occupation of the street for the length of time necessary for a freight train to pass over it, others, who had an equal right to the crossing, would be waiting there, and it was its duty to use due and reasonable care to protect them from another train from the opposite direction. In the exercise of due care it is bound to know that to run its train in this manner over a crossing tends to the confusion of persons who are about to cross, and its care should be commensurate to the danger it produces. We are of the opinion the court properly refused to direct the verdict, and that the verdict is supported by the evidence in the case.

We find no prejudicial error in the instructions. It is objected to the second instruction given for the plaintiff, that it is inaccurate in its definition of ordinary care, as applied to the evidence, in that it limits the care required of the plaintiff to the situation in which he was then placed,

without also extending it to the care required in placing himself in such situation.   We think the evidence does not warrant an inference that plaintiff was culpable in placing himself at the crossing, and this being the only situation the instruction could refer to, there could be no prejudicial error in correctly describing, or referring to it, as the instruction did.   It is also objected that the fourth instruction directs the jury, in case they find for the plaintiff, to include in their verdict the necessary expenses incurred by the plaintiff in being cured of his injuries, because the declaration claims only for moneys paid out and expended.   There may have been inaccuracy in this respect, but we are not of the opinion it ought to cause a reversal of the judgment.   The remarks of counsel to the jury complained of, were indefensible, as well as reprehensible; but in view of the prompt suppression of them by the trial court, and its direction to the jury to disregard them, we can not say the jury was improperly influenced thereby.

The evidence tends to prove, and we think the jury was warranted in believing, that one of plaintiff's arms was permanently injured, and to the extent it would never be useful to him as a laborer, which the evidence showed he had been.   This, together with the pain and suffering he had endured in consequence of his injuries, caused, as we think, by appellant's negligence, leads us to the conclusion that the amount of the judgment is not excessive.

Finding no reversible error in the record and proceedings of the trial court, its judgment will be affirmed.